## UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS

ANDRE SNEED,

        Plaintiff,

        v.

CITY OF HARVEY,
HARVEY POLICE DEPARTMENT,
BETTIE LEWIS, CORPORATION COUNSEL,
ERIC KELLOGG, MAYOR,
DENARD EAVES, CHIEF OF POLICE,
LAVANDUS KIRKWOOD, IAD INVESTIGATOR,
individually and as officers or members
of the police board.

        Defendants.

11-cv-06616
Judge John F. Grady
Magistrate Judge Michael T. Mason

**F I L E D**

SEP 2 9 2011 **RC**
SEP29 2011
MICHAEL W. DOBBINS
CLERK, U.S. DISTRICT COURT

## MOTION FOR EXPEDITED DECLARATORY JUDGMENT
## PURSUANT TO FRCP RULE 57 AND 28 USC 2201

COMES NOW, Andre Sneed, pro se, by and through himself moves this court pursuant

to Federal Rule of Civil Procedure 57 and 28 USC 2201. Further, the Plaintiff requests that this

Honorable Court to not hold him to the same stringent standards as that of a schooled attorney.

See Haines v. Kerner, 404 U.S. 519.

**This motion follows the defendants flagrant and prejudicial violations of the First,**

**and Fourteenth Amendment of the Constitution of the United States.**

        **It is well established that the Plaintiff 's "....right to petition government for**

**redress of grievances..", is the right to make a complaint to, or seek assistance of, one's**

**government, without fear of punishment or reprisals.**

The Third Circuit has held that, "a public employee who has petitioned the government

through a formal mechanism such as the filing of a lawsuit or grievance is protected under the

1

Petition Clause from retaliation for that activity, even if the petition concerns a matter of solely private concern." Foraker v. Chaffinch, 501 F.3d 231, 236 (3d Cir. 2007)(citing San Filippo v. Bongiovanni, 30 F.3d 424 (3d Cir. 1994)).

The Plaintiff did seek a grievance through the collective bargaining agreement and attempted to exercise the right to have an offender arrested for battery with a police report made by the Harvey Police Department to no avail. The Plaintiff did petition this court for injunctive relief pertaining to the due process violations pertaining to the Loudermill process. DE#1. Thereafter, the defendants, in particular, Defendant Eaves and Kirkwood's stratospheric, effrontery and repudiation of the Plaintiff's rights did forward the Plaintiff a certified letter demanding he appear for a Loudermill hearing despite the law and due process as his current status is off-duty on a extended sick leave approved by the Harvey Police Department and the failure of Defendant Kirkwood to conduct the investigation according to the dictates of the Collective Bargaining Agreement Section 5.1. The defendants actions demonstrate a total disregard for the Illinois Public Labor Relations Act (5 ILCS 315/10.

According to the agreement, Section 5.1 covers Police Officers Bill of Rights. Upon Defendant Eaves initiating a "Formal Investigation" conducted by Defendant Kirkwood, the investigation must consist of questioning the Plaintiff intended to gather evidence of misconduct which may be the basis for filing charges seeking his removal, discharge or suspension in excess of 5 days. Defendant Kirkwood did not question the Plaintiff. While the Plaintiff 's status is the result of his approved medical leave, the Collective Bargaining Agreement and law dictates that the investigation must be conducted while "on-duty" (not on sick leave) 50 ILCS 725/3/3 of the Police Officers Bill of Rights. The charges as a result of Defendant Kirkwood's investigation followed the Plaintiff's requests to have an incident investigated by Defendant Kirkwood as the

2

IAD Investigator and police report against a Commander of the Harvey Police Department in which the Plaintiff made the report for battery. Defendant Kirkwood and Eaves refused to arrest the offender (Commander Forbes). Defendant Kirkwood after being ordered by Defendant Eaves also violated the Harvey Police Operations Manual 2.31.10(3) by not conducting a thorough and impartial investigation when no interview of the Plaintiff ever occurring to lead to the conclusion of filing charges. The very nature of the Plaintiffs position as a police officer, the Collective Bargaining Agreement, rules of the Harvey Police Operations Manual, state law, and the Constitution of the United States dictates due process before removal/discharge or suspension.

Section 5.3 of the Collective Bargaining Agreement also covers a one hundred and twenty (120) day time frame for investigatory findings. However, this time limit is not absolute. Accordingly, the Collective Bargaining Agreement it allows the investigating officer to extend on a day-for-day basis any investigation to reflect any days that the officer under investigation was not working for reasons of absenteeism, vacation, sickness, disability, bereavement or other normally recognized reasons for absence. As mentioned above, the Plaintiff is on extended medical leave and under the care and medication of medical professional.

Under the Illinois Municipal Code 65 ILCS 5/10-1-18(b). No officer or employee of a police or fire department in the classified civil service of any municipality having 500,000 or fewer inhabitants who is appointed under the rules and after examination, may be removed or discharged, or suspended for a period of more than 5 calendar days, except for cause upon written charges "and" after an opportunity to be heard in his own defense. The hearing shall be as hereinafter provided, unless the employer and the labor organization representing the person have negotiated an alternative or supplemental form of due process based upon impartial

3

arbitration as a term of Plaintiff's collective bargaining agreement. According to State Law, the Plaintiff must have had an opportunity to be heard in his own defense prior to discharge or suspension. In the instant case, should this procedure occur, the Plaintiff has not had his opportunity for the initial interview to complete the record in the event an impartial arbitration occurs.

Before this court there are justifiable controversies. The defendants believe they can discharge the Plaintiff contrary to state law, due process, their own rules and regulations, and the Collective Bargaining agreement with the Union. The defendants further believe the impartial and bias investigation conducted by Defendant Kirkwood can justify the charges for dismissal despite the Plaintiff's medical status in which no interview during the investigation has occurred. The Plaintiff's issue is that the defendants cannot proceed contrary to the law, due process, their own rules and regulations, and the Collective Bargaining Agreement. The adverse interests of the parties is obvious, including the legal interest in the controversy. These matters herein are ripe for a decision as the Defendant's repudiate the law and the Collective Bargaining agreement.

The existence of another adequate remedy does not preclude a judgment for declaratory relief in cases where it is appropriate. The court may order a speedy hearing of an action for declaratory judgment and may advance it on the calendar. Fed.R.Civ.P. 57

Wherefore, Plaintiff seeks a declaration that the laws of the State of Illinois, Collective Bargaining Agreement, First and Fourteenth Amendments of the Constitution of the United States prohibits the defendants from retaliating against the Plaintiff for exercising his rights to petition the court for relief and the Fourteenth Amendment prohibits the denial of due process. In addition, the defendants are to refrain from pursing discharging the Plaintiff as long he remains in his current status of being on medical leave.

4

Respectfully submitted,

Andre Sneed
9428 S. Indiana Ave
Chicago, IL  60619

## CERTIFICATE OF SERVICE

I, certify that the foregoing "Plaintiff's Motion For Expedited Declaratory Judgment",
"Certificate of Consultation", and "Proposed Order", was hand delievered to the Clerk of
Court, Northern District of Illinois on this 29th day of September 2011, and mailed
certified return receipt,  prepaid postage affixed to the attorney(s) for defendants.  28 USC
1746.

9/29/11

Andre Sneed, pro se (773)569-5959

**UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**

ANDRE SNEED,

               Plaintiff,                             11-cv-06616

     v.                                    Judge John F. Grady

                                           Magistrate Judge Michael T. Mason

CITY OF HARVEY,
HARVEY POLICE DEPARTMENT,
BETTIE LEWIS, CORPORATION COUNSEL,
ERIC KELLOGG, MAYOR,
DENARD EAVES, CHIEF OF POLICE,
LAVANDUS KIRKWOOD, IAD INVESTIGATOR,
individually and as officers or members
of the police board.

               Defendants

## CERTIFICATE OF CONSULTATION

On September 29, 2011, at approximately <u>11:19</u> a.m., the Plaintiff did attempt to consult

with the Attorney for the defendants to no avail.

                                Respectfully submitted,

                                Andre Sneed

                                9428 S. Indiana

                                Chicago, IL  60619

## CERTIFICATE OF SERVICE

**I, certify that the foregoing "Plaintiff's Motion For Expedited Declaratory Judgment",**
**"Certificate of Consultation", and "Proposed Order", was hand delievered to the Clerk of**
**Court, Northern District of Illinois on this 29th day of September 2011, and mailed**
**certified return receipt,  prepaid postage affixed to the attorney(s) for defendants.  28 USC**
**1746.**

**Andre Sneed, pro se (773) 569-5959**

# UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS

ANDRE SNEED,

             Plaintiff,

    v.

CITY OF HARVEY,
HARVEY POLICE DEPARTMENT,
BETTIE LEWIS, CORPORATION COUNSEL,
ERIC KELLOGG, MAYOR,
DENARD EAVES, CHIEF OF POLICE,
LAVANDUS KIRKWOOD, IAD INVESTIGATOR,
individually and as officers or members
of the police board.

             Defendants

11-cv-06616
Judge John F. Grady
Magistrate Judge Michael T. Mason

**RECEIVED**

SEP 29 2011  RC

MICHAEL W. DOBBINS
CLERK, U.S. DISTRICT COURT.

## ORDER

Before the court is Plaintiff's Rule 57 motion. Premises considered, the motion is granted.

_____
Judge John F. Grady